MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ERIC RIVERA ELENA, *individually and on*
*behalf of others similarly situated,*

                                            **COMPLAINT**

                          *Plaintiff*,

                                            **COLLECTIVE ACTION UNDER**
            -against-                       **29 U.S.C. § 216(b) AND RULE 23**
                                            **CLASS ACTION**

YORKVILLE MANSION INC.  (D/B/A THE
MANSION),   JOHN   PHILIPS,   PHILIP
PHILIPS,   JOHN   DOE,   and   FRANKLIN      **ECF Case**
GUERRERO (A.K.A. FRANK),

                          *Defendants.*
--------------------------------------------------------X

      Plaintiff Eric Rivera Elena ("Plaintiff Rivera" or "Mr. Rivera"), individually and on behalf

of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C.,

upon his knowledge and belief, and as against Yorkville Mansion Inc. (d/b/a The Mansion),

("Defendant Corporation"), John Philips,  Philip Philips,  John Doe, and  Franklin Guerrero (a.k.a.

Frank), ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

      1.    Plaintiff Rivera is a former employee of Defendants Yorkville Mansion Inc. (d/b/a

The Mansion), John Philips, Philip Philips, John Doe, and Franklin Guerrero (a.k.a. Frank).

      2.    Defendants own, operate, or control an American restaurant, located at 1634 York

Ave, New York, NY 10028 under the name "The Mansion".

3.     Upon information and belief, individual Defendants John Philips, Philip Philips, John Doe, and Franklin Guerrero (a.k.a. Frank), serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiff Rivera was employed as a delivery worker at the restaurant located at 1634 York Ave, New York, NY 10028.

5.     Plaintiff Rivera was ostensibly employed as a delivery worker. However,  he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to bringing up products from the basement to the kitchen for the cooks, organizing and stocking  big inventory orders such as vegetables, peeling potatoes and onions, cleaning the bathroom, cleaning the kitchen, wiping down surfaces, mopping and sweeping the kitchen, taking out trash and taking construction materials upstairs into the building (hereafter the "non-tipped duties").

6.     At all times relevant to this Complaint, Plaintiff Rivera worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Rivera appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiff Rivera the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.     Defendants employed and accounted for Plaintiff Rivera as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Rivera at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Rivera's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Rivera's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Rivera at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

13.     Defendants' conduct extended beyond Plaintiff Rivera to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rivera and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Rivera now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the

New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.    Plaintiff Rivera now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Rivera's state law claims under 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an American restaurant located in this district. Further, Plaintiff Rivera was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.    Plaintiff Eric Rivera Elena ("Plaintiff Rivera" or "Mr. Rivera") is an adult individual residing in Bronx County, New York.

20.    Plaintiff Rivera was employed by Defendants at The Mansion from approximately January 2011 until on or about October 15, 2015 and then from approximately December 2, 2016 until on or about November 2, 2018.

21.   Plaintiff Rivera consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.   At all relevant times, Defendants own, operate, or control an American restaurant, located at 1634 York Ave, New York, NY 10028 under the name "The Mansion".

23.   Upon information and belief, Yorkville Mansion Inc. (d/b/a The Mansion) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1634 York Ave, New York, NY 10028.

24.   Defendant John Philips is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Philips is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant John Philips possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivera, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.   Defendant Philip Philips is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Philip Philips is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Philip Philips possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the

wages and compensation of the employees of Defendants, including Plaintiff Rivera, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.   Defendant John Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant John Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivera, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.   Defendant Franklin Guerrero (a.k.a. Frank) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Franklin Guerrero (a.k.a. Frank) is sued individually in his capacity as a manager of Defendant Corporation. Defendant Franklin Guerrero (a.k.a. Frank) possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivera, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.   Defendants operate an American restaurant located in the Yorkville neighborhood of Manhattan in New York City.

29.   Individual Defendants, John Philips, Philip Philips, John Doe, and Franklin Guerrero (a.k.a. Frank), possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

30.   Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.   Each Defendant possessed substantial control over Plaintiff Rivera's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Rivera, and all similarly situated individuals, referred to herein.

32.   Defendants jointly employed Plaintiff Rivera (and all similarly situated employees) and are Plaintiff Rivera's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33.   In the alternative, Defendants constitute a single employer of Plaintiff Rivera and/or similarly situated individuals.

34.   Upon information and belief, Individual Defendants John Philips and Philip Philips operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)   defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)   transferring assets and debts freely as between all Defendants,

d)   operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)   operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)   intermingling assets and debts of their own with Defendant Corporation,

g)   diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)   Other actions evincing a failure to adhere to the corporate form.

35.   At all relevant times, Defendants were Plaintiff Rivera's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Rivera, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Rivera's services.

36.   In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

38.   Plaintiff Rivera is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

39.     Plaintiff Rivera seeks to represent a class of similarly situated individuals under 29
U.S.C. 216(b).

*Plaintiff Eric Rivera Elena*

40.     Plaintiff Rivera was employed by Defendants from approximately January 2011 until
on or about October 15, 2015 and then from approximately December 2, 2016 until on or about
November 2, 2018.

41.     Defendants ostensibly employed Plaintiff Rivera as a delivery worker.

42.     However, Plaintiff Rivera was also required to spend a significant portion of his work
day performing the non-tipped duties described above.

43.     Although Plaintiff Rivera ostensibly was employed as a delivery worker, he spent
over 20% of each day performing non-tipped work throughout his employment with Defendants.

44.     Plaintiff Rivera regularly handled goods in interstate commerce, such as food and
other supplies produced outside the State of New York.

45.     Plaintiff Rivera's work duties required neither discretion nor independent judgment.

46.     Throughout his employment with Defendants, Plaintiff Rivera regularly worked in
excess of 40 hours per week.

47.     From approximately November 2012 until on or about October 15, 2015, Plaintiff
Rivera worked from approximately 6:00 a.m. until on or about 9:00 p.m., 6 days a week (typically
90 hours per week).

48.     From approximately December 2, 2016 until on or about January 2018, Plaintiff
Rivera worked from approximately 6:00 a.m. until on or about 2:00 p.m., Mondays, from
approximately 8:00 a.m. until on or about 4:00 p.m., Thursdays and Fridays, and from

approximately 6:00 a.m. until on or about 4:00 p.m., Saturdays and Sundays (typically 44 hours per week).

49.   From approximately February 2018 until on or about November 2, 2018, Plaintiff Rivera worked from approximately 6:00 a.m. until on or about 2:00 p.m., Mondays and Thursdays, from approximately 7:00 a.m. until on or about 4:00 p.m., Fridays and Saturdays, and from approximately 7:00 a.m. until on or about 3:00 p.m., Sundays (typically 42 hours per week).

50.   Throughout his employment, Defendants paid Plaintiff Rivera his wages in cash.

51.   From approximately November 2012 until on or about December 2013, Defendants paid Plaintiff Rivera a fixed salary of $320 per week.

52.   From approximately January 2014 until on or about December 2014, Defendants paid Plaintiff Rivera a fixed salary of $385 per week.

53.   From approximately January 2015 until on or about October 15, 2015, Defendants paid Plaintiff Rivera a fixed salary of $425 per week.

54.   From approximately December 2, 2016 until on or about November 2, 2018, Defendants paid Plaintiff Rivera a fixed salary of $375 per week.

55.   Plaintiff Rivera's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

56.   For example, from approximately November 2012 until on or about June 2015, Defendants required Plaintiff Rivera to work an additional 5 to 6 hours past his scheduled departure time every day, and did not pay him for the additional time he worked.

57.   Defendants never granted Plaintiff Rivera uninterrupted breaks or meal periods.

58.   Plaintiff Rivera was never notified by Defendants that his tips were being included as an offset for wages.

59.   Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Rivera's wages.

60.   Prior to December 2, 2016, Plaintiff Rivera was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

61.   On one occasion, Defendants required Plaintiff Rivera to sign a document, the contents of which he was not allowed to review in detail. Plaintiff Rivera believes that it was a statement concerning winter uniforms, but isn't sure.

62.   In addition, in order to release his weekly pay, Plaintiff Rivera was required to sign a document in which Defendants misrepresented the hours that he worked per week.

63.   Defendants did not provide Plaintiff Rivera an accurate statement of wages, as required by NYLL 195(3).

64.   Defendants did not give any notice to Plaintiff Rivera, in English and in Spanish (Plaintiff Rivera's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65.   Defendants required Plaintiff Rivera to purchase "tools of the trade" with his own funds—including an electric bicycle, three bicycles, a chain and repairs and maintenance of the bicycles.

*Defendants' General Employment Practices*

66.   At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rivera (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

67.    Plaintiff Rivera was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

68.    Defendants' pay practices resulted in Plaintiff Rivera not receiving payment for all his hours worked, and resulted in Plaintiff Rivera's effective rate of pay falling below the required minimum wage rate.

69.    Defendants habitually required Plaintiff Rivera to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

70.    Defendants required Plaintiff Rivera and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

71.    Plaintiff Rivera and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

72.    Plaintiff Rivera's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

73.    Plaintiff Rivera and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

74.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Rivera's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

75.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips

are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

76.     In violation of federal and state law as codified above, Defendants classified Plaintiff Rivera and other tipped workers as tipped employees, and paid them at a rate that was lower than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

77.     Defendants failed to inform Plaintiff Rivera who received tips that Defendants intended to take a deduction against Plaintiff Rivera's earned wages for tip income, as required by the NYLL before any deduction may be taken.

78.     Defendants failed to inform Plaintiff Rivera who received tips, that his tips were being credited towards the payment of the minimum wage.

79.     Defendants failed to maintain a record of tips earned by Plaintiff Rivera who worked as a delivery worker for the tips he received.

80.     Prior to December 2, 2016, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

81.     On one occasion, Defendants required Plaintiff Rivera to sign a document the contents of which he was not allowed to review in detail.

82.     Defendants required Plaintiff Rivera to sign a document that reflected inaccurate or false hours worked, in order to release his weekly pay.

83.     Defendants paid Plaintiff Rivera his wages in cash.

84.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Rivera (and similarly situated individuals) worked, and to avoid paying Plaintiff Rivera properly for his full hours worked.

85.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

86.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Rivera and other similarly situated former workers.

87.    Defendants failed to provide Plaintiff  Rivera and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

88.    Defendants failed to provide Plaintiff Rivera and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

89.     Plaintiff Rivera brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

90.     At all relevant times, Plaintiff Rivera and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

91.     The claims of Plaintiff Rivera stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

92.     Plaintiff Rivera sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

93.     Plaintiff Rivera brings his New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the

filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Rivera, are referred to herein as the "Class."

94.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

95.     There are questions of law and fact common to the Class including:

a) What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d) Whether Defendants failed and/or refused to pay Plaintiff Rivera the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e) Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

f) Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

g) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h) What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

96.     The claims of the representative parties are typical of the claims of the class. Plaintiff Rivera and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

97.     The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

98.     The common questions of law and fact predominate over questions affecting only individual members.

99.     A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

100.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## **FIRST CAUSE OF ACTION**

## **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

101.    Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

102.    At all times relevant to this action, Defendants were Plaintiff Rivera's (and the FLSA and Rule 23 Class members') employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Rivera (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

103.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

104.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

105.  Defendants failed to pay Plaintiff Rivera (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

106.    Defendants' failure to pay Plaintiff Rivera (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

107.    Plaintiff Rivera (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

108.    Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

109.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Rivera (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

110.    Defendants' failure to pay Plaintiff Rivera (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

111.    Plaintiff Rivera (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

112.     Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

113.    At all times relevant to this action, Defendants were Plaintiff Rivera's (and the FLSA and Rule 23 Class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Rivera, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

114.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Rivera (and the FLSA and Rule 23 Class members) less than the minimum wage.

115.    Defendants' failure to pay Plaintiff Rivera (and the FLSA and Rule 23 Class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

116.    Plaintiff Rivera (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

117.    Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

118.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Rivera (and the FLSA and Rule 23 Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

119.    Defendants' failure to pay Plaintiff Rivera (and the FLSA and Rule 23 Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

120.    Plaintiff Rivera (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

<u>**FIFTH CAUSE OF ACTION**</u>

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

121.    Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

122.    Defendants failed to pay Plaintiff Rivera (and the FLSA and Rule 23 Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Rivera's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

123.    Defendants' failure to pay Plaintiff Rivera (and the FLSA and Rule 23 Class members) an additional hour's pay for each day Plaintiff Rivera's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

124.   Plaintiff Rivera (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

125.    Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

126.   Defendants failed to provide Plaintiff Rivera (and the FLSA and Rule 23 Class members) with a written notice, in English and in Spanish (Plaintiff Rivera's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

127.   Defendants are liable to Plaintiff Rivera (and the FLSA and Rule 23 Class members) in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

128.    Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

129.   With each payment of wages, Defendants failed to provide Plaintiff Rivera (and the FLSA and Rule 23 Class members) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

130.   Defendants are liable to Plaintiff Rivera (and the FLSA and Rule 23 Class members) in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

131.    Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

132.   Defendants required Plaintiff Rivera (and the FLSA and Rule 23 Class members) to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

133.   Plaintiff Rivera (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rivera respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rivera and the FLSA and Rule 23 Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rivera and the FLSA and Rule 23 Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Rivera's and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Rivera and the FLSA and Rule 23 Class members;

(f)    Awarding Plaintiff Rivera and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Rivera and the FLSA and Rule 23 Class members liquidated

damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rivera and the Rule 23 Class members;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rivera and the Rule 23 Class members;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Rivera and the Rule 23 Class members;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Rivera's (and the Rule 23 Class members') compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Rivera and the Rule 23 Class members;

(m)     Awarding Plaintiff Rivera and the Rule 23 Class members damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiff Rivera and the Rule 23 Class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Rivera and the Rule 23 Class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable;

and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Rivera and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Rivera and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Rivera demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       November 20, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

#### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                      Telephone: (212) 317-1200
New York, New York 10165                                       Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 1, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                   Eric Rivera Elena
Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    1 de Noviembre 2018

*Certified as a minority-owned business in the State of New York*